**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

JUDY GREGORY,

                 Plaintiff,

vs.                                                                        Case No. 04-CV-884-FHM

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                 Defendant.

**OPINION AND ORDER**

Plaintiff's Attorney's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Dkt. 25] is before the Court.  Counsel seeks approval of an attorney fee award of $10,866.75 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee contract between Plaintiff and counsel.  Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed that she does not object to an additional fee award. [Dkt. 26].  The matter is ripe for decision.  The Motion for Attorney Fees [Dkt. 25] is GRANTED as provided herein.

Plaintiff appealed the Administrative denial of her application for Social Security benefits to this Court.  The Court reversed the administrative denial of Plaintiff's application for benefits and remanded the case to the Commissioner for further proceedings. [Dkt. 19]. The Court granted Plaintiff's application for an award of $3,242.93 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the work counsel performed before the Court. [Dkt. 23].  The EAJA award was paid to counsel by the Social Security Administration, at no cost to Plaintiff.  On remand the Commissioner determined that Plaintiff was entitled to disability benefits, including an award of past-due benefits.  The

Social Security Administration withheld 25% of the past due benefits, $17,866.75, for payment of attorney fees.  [Dkt. 25-2, p.2].

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Title II Social Security case for further proceedings and benefits are awarded on remand.  *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006).  42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant.  The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits."  Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel.  Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002).  Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved.  A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court.   In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be adjusted.  *Id.* 535 U.S. at 808, 122 S.Ct. at 1828.  Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee.  *Id.* at  n.17.

2

The Court is required to exercise its discretion to determine whether a motion seeking relief under Rule 60(b)(6) for an award of fees under 42 U.S.C. § 406(b) has been filed "within a reasonable time of the Commissioner's decision awarding benefits." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  In this case the Notice of Award was dated July 11, 2007.  The motion for fees was filed July 25, 2007 [Dkt. 25].  The Court finds that the motion for fees was filed within a reasonable time of the Commissioner's decision awarding benefits.

Although the Social Security Administration withheld $17,866.75 from Plaintiff's past due benefits, not all of that is available for payment of a fee under 406(b).  Counsel is seeking an award of $7,000 from the Social Security Administration under §406(a) as compensation for work performed at the administrative level.  Counsel seeks an award of the remaining amount, $10,866.75, under §406(b) for the work performed before the district court.

The Court concludes that a fee award of $10,866.75, which is 15% of Plaintiff's past due benefit award is reasonable.  That award comports with the contract between Plaintiff and counsel and is within the statutory limits of 406(b).  That fee amount yields an hourly rate of approximately $546 per hour for around 20 hours.  The Court finds that does not amount to a windfall.  Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a straight hourly rate agreement.   That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid.  And finally, when the amount of the EAJA fee award, $3,242.93, is returned to Plaintiff in accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir.

3

1986), the net result is a fee for work performed before the district court that is 10.5 percent of Plaintiff's past due benefits.

Plaintiff's Attorney's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Dkt. 25] is GRANTED as follows:

Counsel is awarded $10,866.75 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees.  In accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986), upon receipt of payment, counsel is required to refund $3,242.93 to Plaintiff, which is the amount of the EAJA award.

SO ORDERED this 15th day of November, 2007.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE